UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON SQUARE CLEANERS
and SAVERIO SANFRATELLO,   Case No. 2:21-cv-11273

    Plaintiffs,   HONORABLE STEPHEN J. MURPHY, III

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.
              /

**OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO REMAND [4]**
**AND GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

After Defendant State Farm timely removed the case from Oakland County Circuit Court, ECF 1, Defendant also moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), ECF 3. Plaintiffs Madison Square Cleaners and Saverio Sanfratello then moved to remand the case and alleged that the Court lacks subject matter jurisdiction; they argued for remand based on a theory that the only proper jurisdiction for the dispute is the Oakland County Circuit Court, ECF 4, PgID 194, but Plaintiffs did not lodge a response to the motion to dismiss. The Court will therefore consider the motion to dismiss unopposed. After reviewing the briefs, a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will deny the motion to remand and grant the motion to dismiss.

1

## BACKGROUND[1]

Plaintiff Madison Square Cleaners is a dry cleaning and laundry service company, and it is owned by Plaintiff Sanfratello. ECF 1, PgID 9. Defendant provided Plaintiffs with a policy for business liability insurance ("Policy"). ECF 3-2, PgID 63. Under the Policy, Defendant "insure[d] for accidental direct physical loss to Covered Property unless the loss is . . . [e]xcluded." *Id.* at 71. "Covered Property" is defined as the buildings belonging to the business and business personal property. *Id.* at 70. The Policy's exclusions include, in pertinent part:

> 1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
>    j.  Fungi, Virus Or Bacteria
>        (2) Virus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness or disease; . . . .

*Id.* at 72–73.

In March 2020, Michigan Governor Gretchen Whitmer, through a series of executive orders, shut down all non-essential "places of public accommodation," which included Plaintiffs' dry-cleaning business. ECF 1, PgID 10; ECF 3-4, PgID 140. As a result of the forced closure, Plaintiffs suffered economic losses and the business

---

[1] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

permanently closed. ECF 1, PgID 10. Defendant did not reimburse Plaintiffs for the losses related to the shutdown. *Id.* Plaintiffs sued Defendant in Oakland County Circuit Court for breach of contract over Defendant's contention that it had not insured any of Plaintiffs' revenue losses. *Id.* at 6, 12–14.

## LEGAL STANDARD

I. <u>Motion to Remand</u>

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h). "Subject-matter jurisdiction defines the [C]ourt's authority to hear a given type of case, whereas personal jurisdiction protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum." *United States v. Morton*, 467 U.S. 822, 828 (1984) (citation omitted). Subject-matter jurisdiction may lie based on federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332. Section 1332(a) provides, in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

"When an action is removed based on diversity, [the Court] must determine whether complete diversity exists at the time of removal," meaning no plaintiff may be domiciled in the same state as any defendant. *Coyne v. Am. Tobacco Co.*, 183 F.3d

3

488, 492 (6th Cir. 1999). And diversity of citizenship is determined by a party's domicile when the notice of removal is filed. *Curry v. U.S. Bulk Transp., Ind.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation omitted). A natural person is domiciled within the state in which he intends to make his home indefinitely and is physically present. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citations omitted). For corporate entities, the domicile is both the state in which the business's principal place of business is located and the state in which the business is incorporated. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

II.   Motion to Dismiss

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Ordinarily, the Court cannot consider matters beyond the complaint when reviewing a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir.

2001) (citation omitted). Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the [C]ourt, the motion must be treated as one for summary judgment." But "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

## DISCUSSION

The Court will first deny the motion to remand. After, the Court will grant the motion to dismiss.

I.   Motion to Remand

Plaintiffs are both domiciled in Michigan. ECF 1, PgID 8–9 ("Madison Square Cleaners is a Michigan corporation with its principal place of business located [in] . . . Madison Heights, MI . . . [and] Saverio Sanfratello is a Ferndale, Michigan and Oakland County resident."). Plaintiffs are therefore Michigan citizens. *Stifel*, 477 F.2d at 1120. Defendant's principal place of business is in Illinois, and it is incorporated in Illinois; Defendant is thus an Illinois citizen. ECF 4, PgID 198; ECF 5, PgID 228; *Wachovia Bank*, 546 U.S. at 306. Based on the above facts, there is complete diversity in the case. The amount in controversy requirement is also satisfied given that the alleged damages total at least $79,956. ECF 1, PgID 11. In all, the Court has subject-matter jurisdiction over the present case under § 1332's diversity jurisdiction.

5

But Plaintiffs argue that the parties are not diverse because Defendant is allegedly domiciled in Michigan. ECF 4, PgID 194. Plaintiffs' conclusion, however, is based on a faulty premise—that domicile relates to conducting systematic business within a state or where a party is served with process. *Id.* ("Defendant State Farm was served [at] their Michigan domicile or location. . . . [O]nly the Oakland Circuit Court has proper jurisdiction in this matter due to the fact that Defendant conducts systematic business in Oakland."). Systematic business contacts with a state and the location of service of process relate only to a federal court's *personal jurisdiction* over a party, which is irrelevant to a federal court's subject-matter jurisdiction. *See Morton*, 467 U.S. at 828 (citation omitted).

In short, the Court has jurisdiction over the present case under § 1332 given the complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy that exceeds $75,000. The Court will deny the motion to remand.

II. Motion to Dismiss

The Policy at issue covers Michigan property,[2] and Michigan law applies. *See Farm Bureau Ins. Co. v. Abalos*, 277 Mich. App. 41, 45 (2007) (citing Restatement (Second) of Conflict of Laws § 193 (1971)).

In Michigan, "an insurance contract must be enforced in accordance with its terms." *Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 354 (1999) (citation

---

[2] The Policy is "a document . . . referred to in the pleadings and is integral to the claims," so "it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc.*, 508 F.3d at 335–36.

6

omitted). And "the terms of a contract must be enforced as written where there is no ambiguity." *Id.* (citation omitted). "Michigan courts engage in a two-step analysis when determining coverage under an insurance policy: (1) whether the general insuring agreements cover the loss and, if so, (2) whether an exclusion negates coverage." *K.V.G. Props., Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 821 (6th Cir. 2018) (citing *Auto-Owners Ins. Co. v. Harrington*, 455 Mich. 377, 382 (1997)). "[E]xclusions are valid as long as they are clear, unambiguous and not in contravention of public policy." *Turek Enters., Inc., v. State Farm Mut. Auto. Ins. Co.*, 484 F. Supp. 3d 492, 499 (E.D. Mich. 2020) (cleaned up) (citing *Harrington*, 455 Mich. at 382).

Defendant argues that Plaintiffs' coverage claim fails for several reasons. The Court need only address two of the arguments to grant the motion to dismiss. First, Plaintiffs did not allege in the complaint that there was any direct, physical harm to the Covered Property. Second, even if there were direct physical harm, the Policy excluded harm resulting from a virus. The Court will address each argument in turn.

    A.    *Direct Physical Loss*

The first prong of Michigan's insurance coverage analysis asks "whether the general insuring agreements cover the loss." *K.V.G. Props. Inc.*, 900 F.3d at 821 (citation omitted). As noted above, Defendant insured Plaintiffs' "Covered Property" if the property sustained "accidental direct physical loss." ECF 3-2, PgID 71.

Several federal courts within Michigan have concluded that the plain meaning of "accidental direct physical loss" "is an unambiguous term that plainly requires Plaintiff to demonstrate some physical damage to Covered Property." *Turek*, 484 F.

Supp. 3d at 502; *see also Brown Jug, Inc. v. Cincinnati Ins. Co.*, No. 20-CV-13003, 2021 WL 2163604, at *4 (E.D. Mich. May 27, 2021) ("[I]ncome lost due to lingering public health restrictions" is not a "tangible, physical loss[] as required under the Policy."); *St. Julian Wine Co., v. Cincinnati Ins. Co.*, No. 1:20-cv-374, 2021 WL 1049875, at *3 (W.D. Mich. Mar. 19, 2021) ("In ordinary usage, 'physical' means something tangible and material."). What is more, the Sixth Circuit, when it applied Michigan law, held that "direct physical loss" provisions in insurance policies are only triggered when the insured property is "physically lost, damaged, replaced, or uninhabitable." *Brown Jug, Inc.*, 2021 WL 2163604, at *4 (citing *Universal Image Prods., Inc. v. Fed. Ins. Co.*, 475 F. App'x 569, 573–75 (6th Cir. 2012)). And losses that are "not tangible, physical losses, but economic losses" are not covered by the "direct physical loss" language. *Universal Image*, 547 F. App'x at 573.

Here, Plaintiffs did not allege that the business's property sustained any tangible, physical losses. *See* ECF 1, PgID 9–11. The only loss alleged was economic. *Id.* at 10 ("[A]s a result of the shutdown, . . . the business suffered catastrophic revenue losses and did not qualify for federal or state assistance . . . loans."). Plaintiffs confirmed that the economic losses stemmed from a general mandate which forced the widespread nonuse of businesses across Michigan in response to COVID-19. *Id.* There did not appear to be any physical change to the Covered Property because of the executive orders or COVID-19, only loss of its use. *See id.* at 9–11. At bottom, Plaintiffs have failed to allege the required "direct physical loss" which would

be sufficient to trigger the Policy's coverage. Plaintiffs therefore did not satisfy the first prong of Michigan's insurance coverage analysis.

    B.    *Virus Exclusion*

The second prong of Michigan's insurance coverage analysis asks whether an exclusion in the Policy's terms negates coverage. *K.V.G. Props. Inc.*, 900 F.3d at 821 (citation omitted). Under the Policy's terms, coverage required both "accidental direct physical loss to Covered Property" and that the loss was not excluded elsewhere in the Policy. ECF 3-2, PgID 71. An enumerated exclusion under the Policy related to viruses. *Id.* at 73 ("Virus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness or disease."). The Policy's plain terms excluded "any loss which would not have occurred in the absence of" a virus, regardless of "the cause" of a virus; "other causes of the loss"; "whether other causes acted concurrently or in any sequence with" a virus "to produce the loss"; or whether a virus "occurs suddenly or gradually, involves isolated or widespread damage, or rises from natural or external forces." *Id.* at 72–73.

Plaintiffs appear to rely on the state-mandated shutdown as the cause of the business's economic losses, which they concede were issued because of COVID-19. ECF 1, PgID 10 ("[I]n March 2020, the World Health Organization issued a proclamation declaring that Coronavirus 19 was a worldwide pandemic . . . . [O]n March 20, 2020, Governor Gretchen Whitmer . . . issued a declaration or executive order restrictions on the use of places of public accommodation including dry cleaners."). The shutdown therefore "acted concurrently or in any sequence" with

9

COVID-19—a "virus." *See* ECF 3-2, PgID 72–73. Put simply, the occurrence here falls within the Policy's virus exclusion.

Many federal courts have interpreted similar virus exclusions to embrace the COVID-19 global pandemic and the government-mandated shutdowns. *See, e.g.*, *Turek*, 484 F. Supp. 3d at 503–04 ("[E]ven if the [Executive] Order were a more proximate cause than COVID-19, coverage would still be excluded. . . . [T]he Virus Exclusion negates any coverage for Plaintiff's loss of income or extra expense."); *GRO Holdco, LLC v. Hartford Fire Ins. Co.*, No. 1:20-cv-1093, 2021 WL 1827076, at *3 (W.D. Mich. May 7, 2021) (finding that the virus exclusion barred a plaintiff's claim because "a new virus came to Michigan, which caused the state government to order temporary shuttering of businesses, which caused losses to [the plaintiff's] businesses"); *Dye Salon, LLC v. Chubb Indem. Ins. Co.*, 518 F. Supp. 3d 1004, 1008 (E.D. Mich. 2021) ("[T]he Virus Exclusion applies even though the virus, alone, did not cause [the plaintiff]'s losses. Indeed, the exclusion applies where a virus and another factor (here, Governor Whitmer's Executive Order) 'contribute[d] concurrently' to an insured's loss.").

Last, Plaintiffs allege "there is nothing in the policy that states that the Business Liability Insurance purchased by Plaintiffs did not cover a Pandemic or State Government Initiated Quarantine or shutdown of a business." ECF 1, PgID 10. The argument is unavailing. To construe the Policy's virus exclusion so narrowly that a viral pandemic could not fall under the exclusion is akin to "arguing that a coverage exclusion for damage caused by fire does not apply to damage caused by a very large

10

fire." *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 498 F. Supp. 3d 1233, 1242 (C.D. Cal. 2020) (internal quotation omitted). All told, the Policy's plain terms exclude losses caused by a "virus," which includes COVID-19, and Plaintiffs did not satisfy the second insurance coverage prong.

In sum, Plaintiffs' claims fail under both prongs of Michigan's insurance coverage analysis. The Court will therefore grant the motion to dismiss.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion to remand [4] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [3] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

                                                   s/ Stephen J. Murphy, III
                                                   STEPHEN J. MURPHY, III
                                                   United States District Judge

Dated: September 17, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 17, 2021, by electronic and/or ordinary mail.

                                                   s/ David P. Parker
                                                   Case Manager